IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| | | |
|---|---|---|
| CARLOS VILLESCAS, TDCJ No. 1421245, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-11-CV-19-DB |
| | § | |
| SHERIFF RICHARD D. WILES, *et al.*, | § | |
|     Defendants. | § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Carlos Villescas ("Villescas"), a state prisoner proceeding *pro se* and *in forma pauperis*, seeks redress through a civil rights complaint filed pursuant to 42 U.S.C. § 1983 [ECF No. 5].[1] In his complaint,[2] Villescas alleges that after his arrest by city police officers in El Paso, Texas, for burglary of a habitation, driving while intoxicated, and failure to identify, detectives employed by the El Paso County Sheriff's Office reported to the media that they sought his arrest for "aggravated sexual assault of a child."[3] He theorizes that the detectives made the report after he "opted to exercise his 5th Amendment right to remain silent"[4] because they wanted "to subject him to brutal beatings and assaults at the jail by prisoners sure to see the bulletin . . . so . . . [he] would . . . cooperate."[5] He adds that when he actually saw his picture and heard an erroneous

---

[1] "ECF No." ("Electronic Case Filing Number") refers to the document number assigned to a document filed with the Court in the electronic case management system.

[2] Mindful of Villescas's *pro se* status, the Court has read his complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining a *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers).

[3] Compl. 16.

[4] *Id.* at 15.

[5] *Id.* at 16.

report "that he was at large, accused of aggravated sexual assault of a child, and was in need of capture"[6] while watching television in a detention facility operated by the El Paso County Sheriff's Department, he approached multiple correctional officers and sought protection from the other prisoners. He alleges that his jailors "refused to take any steps to offer protection or . . . notify[ ] . . . superiors of the danger to Plaintiff's health and safety."[7] Villescas claims that, as a result of the acts and omissions of the detectives and correctional officers, he endured the "threats and beatings" of other prisoners.[8]

Villescas concedes that he did not exhaust his administrative remedies,[9] but maintains that he was not required to do so before initiating his complaint for four reasons. First, he claims that the El Paso County Sheriff's Department transferred him to custody of the Texas Department of Criminal Justice before he filed his complaint. Second, he asserts that the grievance procedures used by the Sheriff's Department did not permit complaints against employees of other law enforcement agencies. Third, he argues that he was more concerned about threats from "cartel and gang members" than about pursuing his grievances.[10] Finally, he maintains that he never received notice of the grievance procedures for county-operated detention facilities.

The Court referred this matter to the United States Magistrate Judge for a report and

---

[6] *Id.* at 17.

[7] *Id.* at. 18.

[8] *Id.* at 20.

[9] *Id.* at 9, 13–14.

[10] *Id.* at. 13.

recommendation.[11] In his report [ECF No. 16], the Magistrate Judge recommends that the Court dismiss Villescas's complaint without prejudice for failure to exhaust his administrative remedies. He reasons that 42 U.S.C. § 1997e requires a prisoner to exhaust all available administrative remedies before initiating a civil rights complaint.[12] He adds that "prisoners are required to exhaust even if transferred or released from custody."[13] He further notes that "[e]xhaustion is required, even when the prisoner seeks relief not available in grievance procedures."[14] Moreover, he observes that a generalized and conclusory allegation of threats by cartel and gang members "is insufficient to excuse the exhaustion requirement."[15] He also points out that Villescas's claim that El Paso County procedures did not permit him to submit

---

[11] *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2011) ('[A] judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court[ ] . . . of prisoner petitions challenging conditions of confinement.").

[12] Report and Recommendation 2 (citing 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) ("The [Prison Litigation Reform Act] required Wright to exhaust 'available' 'remedies,' whatever they may be. His failure to do so prevents him from pursuing a federal lawsuit at this time.")).

[13] *Id.* at 3 (citing *Hill v. Epps*, 169 F. App'x 199, at \*\*1 (5th Cir. 2006) (per curiam) (unpublished op.) (finding that a transfer from one prison to another does not excuse a failure to exhaust when the plaintiff "was aware of the basis for his grievance during [his incarceration in the offending facility] but did not utilize the administrative remedies available at [that facility] to seek redress."); *Napier v. Laurel County*, 636 F.3d 218, 221 n.1 (6th Cir. 2011)("Though Napier was re-incarcerated on different charges, the PLRA still applies to him, as the only question is: 'Is the plaintiff a prisoner confined in a jail, prison, or other correctional facility?'")) .

[14] *Id.* (citing *Booth*, 532 U.S. at 741).

[15] *Id.* at 4 (citing *Boyd v. Corr. Crop. Of Amer.*, 380 F.3d 989, 998 (6th Cir. 2004) ("a prisoner who contends that he failed to exhaust out of fear should also have to 'describe with specificity' the factual basis for his fear.").

grievances against outside personnel provides evidence that he had some understanding of the procedures.[16] He adds that, in any event, "ignorance of the . . . grievance policy does not excuse a failure to exhaust."[17] Finally, the Magistrate Judge notes that Villescas managed to file a lawsuit while incarcerated in the El Paso County Jail Annex.[18]

The Magistrate Judge gave Villescas fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[19] A party who files timely written objections to a magistrate judge's report is entitled to a de novo determination of those portions of the report to which the party objects.[20] The objections, however, must specifically identify those findings or recommendations which the party wishes the district court to consider.[21] A

---

[16] *Id.* at 4-5.

[17] *Id.* (citing *Castro v. Crawfoot*, 102 F. App'x 852, 853–54 (5th Cir. 2004) (per curiam) (unpublished op.) ("[I]gnorance of the law will not relieve Castro of his obligation to exhaust the available administrative remedies.")).

[18] *Id.* at 5 (citing *Villescas v. El Paso Police Department*, EP-09-CV-428-PRM (W.D. Tex. May 27, 2010)).

[19] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[20] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." ).

[21] *See* 28 U.S.C.A. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."); W.D. Tex Local R., App. C, R. 4(b) at("Assignment of Duties to United States Magistrate Judges") ("[W]ritten objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.") .

district court need not consider "frivolous, conclusive, or general objections."[22] As to the other portions of the report, or if a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[23] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[24]

In his objections to the report [ECF No. 22], Villescas makes seven claims. First, Villescas suggests that the cases cited by the Magistrate Judge "have little value as to the outcome of these proceedings."[25] Second, he asserts that "special circumstances exist excusing Plaintiff from having to . . . exhaust the administrative remedies."[26] Third, he claims that he "doubts that there is even an administrative procedure in place."[27] Fourth, he argues that he had no "meaningful access" to the procedures "if" they existed.[28] Fifth, he claims that "by enacting the exhaustion requirement . . . Congress [did not] intend to authorize local and state correction

---

[22] *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

[23] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[24] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[25] Objections 1.

[26] *Id.*

[27] *Id.* at 2.

[28] *Id.*

officials to obstruct . . . an inmates 1st Amendment right to redress grievances."[29] Sixth, he maintains that "the Court must first hold a hearing to address exhaustion."[30] Finally, he asserts that the Magistrate Judge "minimizes plaintiffs circumstances [and the] threats to his and his families lives."[31] In his first supplement to his objections [ECF No. 23], Villescas adds that neither the Sheriff's Department nor the law librarian who assisted him in preparing his initial civil rights complaint "provided . . . notice of the grievance procedure."[32] In his second supplement to his objections [ECF No. 24], Villescas argues that "non-exhaustion by a prisoner who has in some way been obstructed by prison staff from exhausting the grievance process does not bar the prisoner from proceeding with a subsequent lawsuit."[33]

As the Magistrate Judge correctly explains in his report, 42 U.S.C. § 1997e(a) requires a prisoner to exhaust his administrative remedies before initiating a judicial challenge to a condition of his confinement.[34] "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."[35] In some instances, corrective action taken in response to an inmate's grievance might

---

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] First Supplemental Objections 6.

[33] Second Supplemental Objections 3.

[34] Report and Recommendation 2.

[35] *Porter v. Nussle*, 534 U.S. 516, 525 (2002).

improve prison administration and satisfy the inmate, thereby obviating the need for litigation.[36] In other instances, the internal review might "filter out some frivolous claims."[37] Thus, exhaustion is mandatory and is required even where the relief sought cannot be granted by the administrative process.[38] All available remedies must be exhausted, whether speedy and effective or not.[39] "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules."[40] An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement.[41] Failure to exhaust is an affirmative defense and "is not subject to screening for *sua sponte* dismissal by the district court" unless the complaint "alleges facts that clearly foreclose exhaustion."[42] Therefore, *sua sponte* dismissal may be appropriate where the complaint, on its face, establishes the inmate's failure to exhaust.[43] A court may not, however, dispose of a complaint *sua sponte* for failure to exhaust unless the prisoner has first had an

---

[36] *Booth*, 532 U.S. at 737.

[37] *Id.*

[38] *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citing *Booth*, 532 U.S. at 739).

[39] *See Porter*, 534 U.S. at 524 ("All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'") (quoting *Booth*, 532 U.S. at 739).

[40] *Johnson v. Kukua*, 342 F. App'x 933, 934 (5th Cir. 2009) (per curiam) (unpublished op.) (citing *Woodford*, 548 U.S. at 89-93).

[41] *Id.*

[42] *Torns v. Miss. Dep't of Corr.*, 301 F. App'x 386, 388 (5th Cir. 2008) (per curiam) (unpublished op.) (citing *Jones v. Bock*, 549 U.S. 199, 214 (2007)).

[43] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

opportunity to respond.[44]

Section 1997e(a) does not specify a specific processes which must be exhausted; it simply states that "such administrative remedies as are available" must be exhausted.[45] Moreover, the word "exhausted" refers to "procedural means, not the particular relief ordered."[46] Thus, administrative exhaustion is required even though the grievance process might not permit the type of recovery a prisoner seeks "as long as the grievance tribunal has the authority to take some responsive action."[47] "[T]he question is a simple one: Was there a procedure available?"[48] Accordingly, "[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought," and apply only in "extraordinary circumstances."[49] A court may not read a futility exception into the

---

[44] *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[E]ven if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue." (citing *Anderson v. XYZ Corr. Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005) (holding that a district court may raise an affirmative defense of exhaustion *sua sponte* so long as plaintiff is given an opportunity to respond)); *see also Jones*, 549 U.S. at 215 ("Determining that Congress meant to include failure to exhaust under the rubric of 'failure to state a claim' in the screening provisions of the [Prison Litigation Reform Act] would thus not support treating exhaustion as a pleading requirement rather than an affirmative defense.").

[45] *See Booth*, 532 U.S. at 741 n. 6 ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.").

[46] *Id.* at 739 ("[O]ne 'exhausts' processes, not forms of relief, and the statute provides that one must.").

[47] *Rosa v. Littles*, 336 F. App'x 424, 427 (5th Cir. 2009) (per curiam) (unpublished op.) (citing *Booth*, 532 U.S. at 741).

[48] *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

[49] *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

exhaustion requirement.[50]

Here, Villescas has clearly stated in his complaint that he has not exhausted his administrative remedies.[51] He claims that he "doubts that there is even an administrative procedure in place."[52] He has also responded to the exhaustion defense on three occasions after he received the Magistrate Judge's report and recommendation.[53] Accordingly, the Court may *sua sponte* dismiss Villescas's claim if the El Paso County Sheriff's Office made a grievance procedure available to him while he was held in its facilities.

In an effort to resolve this question, the Court ordered Defendant Sheriff Richard D. Wiles ("Sheriff Wiles") to file an authenticated copy of the grievance procedures in force at the time Villescas was held in an El Paso County detention facility with the District Clerk [ECF No. 25].[54] Sheriff Wiles responded with authenticated copies of the policy [ECF No. 28].[55] The policy allowed both written and verbal grievances concerning alleged civil rights violations and encouraged resolution "at the lowest practicable level whenever possible."[56] It explained that if a

---

[50] *Booth*, 532 U.S. at 739–41 & n. 6; *Gordon v. Pettiford*, 271 F. App'x 464, at **1 (5th Cir. 2008) (per curiam) (unpublished op.).

[51] Compl. 9, 13–14.

[52] Objections 2.

[53] Objections; First Supplemental Objections; Second Supplemental Objections.

[54] Order (citing 28 U.S.C. § 1915A(a) ("Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978) (approving a district court's order that prison officials investigate the facts surrounding a civil rights suit by inmates to construct "an administrative record . . . to enable the trial court to . . . make a determination under [28 U.S.C.] section 1915[ ]").

[55] Affidavit [ECF No. 28-1].

[56] Inmate Grievances 1 [ECF No. 28].

correctional officer could not resolve a grievance, he was required to "give the inmate a Grievance Form and assist him in filling it out."[57] It explained that written grievances were forwarded to "[t]he Grievance Board . . . selected by the Facility Commander."[58] The policy mandated that the Grievance Board resolve written grievances within sixty days.[59] If an inmate was not satisfied with a Grievance Board decision, the policy permitted him to appeal "to the Facility Commander and then to the Division Commander."[60] Thus, a grievance procedure was in place and available to Villescas while the El Paso County Sheriff's Department detained him. Moreover, the procedure could have provided him with some form of relief for his civil rights complaint. Villescas, however, chose not to follow the procedure before instituting this lawsuit.

Villescas argues that the Court should apply the doctrine of estoppel to excuse his failure to exhaust. He suggests, among other things, that he had no "meaningful access" to the grievance procedure, he was more concerned about threats from "cartel and gang members" than about pursuing his claims, and the law librarian failed to mention the procedure when he assisted with a prior lawsuit.

"Estoppel is an equitable doctrine invoked to avoid injustice in particular cases."[61] It provides a basis for excusing a prisoner's failure to exhaust administrative remedies.[62] In this

---

[57] *Id.*

[58] *Id.* at 1, 3.

[59] *Id.*

[60] *Id.* at 1.

[61] *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 59 (1984).

[62] *See Days v. Johnson*, 322 F.3d 863, 867-68 (5th Cir. 2003) (per curiam) ("[A]dministrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a

case, however, the Court concludes that estoppel is not appropriate. "A party claiming estoppel must, among other things, demonstrate that he or she 'reasonably relied on the conduct of the other to his [or her] substantial injury.'"[63] Villescas has not shown that prison staff obstructed his efforts to exhaust the grievance process. He has not explained why he did not have "meaningful access" to the grievance procedure in county detention facilities while he was filing lawsuits in the federal courts. Villescas has not established that he could not have discovered how to properly exhaust his administrative remedies before filing the instant suit.[64]

In sum, Villescas has failed to carry his burden of showing that administrative remedies were either unavailable or wholly inappropriate. Moreover, he has not established the extraordinary circumstances that would warrant waiver of the exhaustion requirement.

Accordingly, after a de novo review of the record, the Court finds that Villescas's objections are without merit. The Court further finds that the Magistrate Judge's proposed findings of fact and conclusions of law are correct, and that it should adopt his recommendations. The Court, therefore, enters the following orders:

---

physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance."), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) ("[T]he amended statute imposes a requirement, rather like a statute of limitations, that may be subject to certain defenses such as waiver, estoppel, or equitable tolling."), *overruled by implication on other grounds by Jones*, 549 U.S. at 216.

[63] *Dillon v. Rogers*, 596 F.3d 260, 270 (5th Cir. 2010) (quoting *Mangaroo v. Nelson*, 864 F.2d 1202, 1204 (5th Cir. 1989)).

[64] *See id.* at 268 (citing with approval *Lyon*, 305 F.3d at 809 (" It does not matter, finally, that Mr. Lyon may have subjectively believed that there was no point in his pursuing administrative remedies: We made it clear . . . that § 1997e(a) does not permit the court to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are "available.") (citations omitted)).

1. The Court **OVERRULES** Plaintiff Carlos Villescas's objections to the Magistrate Judge's report [ECF Nos. 22, 23, 24].

2. The Court **ACCEPTS** the report and recommendation of the Magistrate Judge [ECF No. 16].

3. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Carlos Villescas's *pro se* civil rights complaint [ECF No. 5] for failure to exhaust his administrative remedies.

4. The Court additionally **DENIES** all other pending motions in this cause, if any, as moot.

**SO ORDERED.**

SIGNED this 23rd day of August 2011.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE